IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-273-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES WILBERT WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to suppress (DE 59). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate James E. Gates, issued memorandum and recommendation ("M&R"), wherein it is recommended that the court deny defendant's motion. (DE 77). Defendant timely filed objection to the M&R (DE 78), and the government did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge as its own, and denies defendant's motion.

## BACKGROUND

On October 27, 2014, defendant was charged by criminal complaint with the offense of possession of a firearm (i.e., a Glock .40 caliber pistol) by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On November 20, 2014, he was indicted for this offense, along with one count of conspiracy to distribute crack cocaine, seven counts of distribution of crack cocaine, one count of distribution of marijuana, and using and carrying a firearm during and in relation to a drug trafficking crime. Defendant filed the instant motion on November 8, 2015, and the magistrate judge held an evidentiary hearing on the motion on March 2, 2016. The M&R and defendant's objections followed.

**DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

Defendant raises a general objection that does not direct the court to a specific error in the magistrate judge's M&R. Defendant objects to the determination that the government established that law enforcement officers had reasonable suspicion to conduct a traffic stop of the car in which defendant was a passenger. In addition, defendant objects to the determination that the government established that defendant sufficiently waived his Miranda rights after his arrest.

Upon careful review of the M&R and the record in this case, the court adopts the analysis and conclusions of the M&R as its own. The traffic stop at issue in this case was justified by "a reasonable, articulable suspicion that criminal activity [was] afoot," Illinois v. Wardlow, 528 U.S. 119, 123 (2000), where officers confirmed an outstanding warrant for arrest of defendant and reasonably determined he was a passenger in the car stopped. In addition, custodial questioning of

2

defendant proceeded only after defendant waived his <u>Miranda</u> rights with a knowing and voluntary waiver, <u>See</u> <u>Moran v. Burbine</u>, 475 U.S. 412, 421 (1986), where defendant indicated to officers that he understood every component of the <u>Miranda</u> warning, expressed a desire to cooperate with them, and did so voluntarily, without any threat or coercion.

## CONCLUSION

Based upon the foregoing, upon careful review of the M&R and the record, the court ADOPTS the recommendation of the magistrate judge as its own. Defendant's motion to suppress (DE 59) is DENIED.

SO ORDERED, this the 19th day of July, 2016.

LOUISE W. FLANAGAN
United States District Judge

3

Case 5:14-cr-00273-FL   Document 79   Filed 07/19/16   Page 3 of 3